THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC.; CINEMARK USA, INC.; CNMK TEXAS PROPERTIES, LLC; CENTURY THEATERS, INC.; CINEMARK PARTNERS II, LTD.; GREELEY, LTD.; and LAREDO THEATRE, LTD. § § § § § § § Plaintiffs, § § v. § § FACTORY MUTUAL INSURANCE § COMPANY, § § Defendant. § | | CIVIL ACTION NO. 2:20-CV-392 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Factory Mutual Insurance Company ("FM Global" or "Defendant") files this Notice of Removal under 28 U.S.C. § 1446(a) and states as follows:

## I.
## INTRODUCTION

1.  Plaintiffs Cinemark Holdings, Inc.; Cinemark USA, Inc.; CNMK Texas Properties, LLC; Century Theaters, Inc.; Cinemark Partners II, Ltd.; Greely, Ltd.; Laredo Theatre, Ltd. (collectively, "Cinemark" or "Plaintiffs") commenced this lawsuit on November 18, 2020 by filing Plaintiffs' Original Petition ("Petition") in the 471st Judicial District Court of Collin County, Texas – Cause No. 471-06122-2020.

2.  Plaintiffs' Petition, which includes a jury demand, names FM Global as the only Defendant in this action.

3.  FM Global's registered agent for service was served with Plaintiffs' Petition on November 23, 2020. FM Global thus files this Notice of Removal within the 30-day time period

required by 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

4. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

5. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Defendant.**

6. Plaintiff Cinemark Holdings, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Plano, Texas.[1] Accordingly, Cinemark Holdings, Inc. is a citizen of the states of Texas and Delaware for purposes of diversity of citizenship. According to filings with the Securities and Exchange Commission, the other plaintiffs in this action are all subsidiaries of Cinemark Holdings, Inc.[2]

7. Plaintiff Cinemark USA, Inc. is a corporation organized under the laws of the State of Texas with its principal place of business in Plano, Texas.[3] Accordingly, Plaintiff is a citizen of the state of Texas for purposes of diversity of citizenship.

8. Plaintiff CNMK Texas Properties, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business in Plano, Texas.[4] The

---

[1] Exhibit I-1; Plaintiffs' Original Petition at ¶ 4.

[2] Exhibit I-1.

[3] Exhibit I-2; Plaintiffs' Original Petition at ¶ 5.

[4] Exhibit I-3; Plaintiffs' Original Petition at ¶ 6.

citizenship of an LLC is determined by the citizenship of all of its members.[5] In its Texas Franchise Tax Public Information Reports, which require entities to report their member information in Section A, CNMK Texas Properties, LLC listed no members—only officers who are individuals that are citizens of Texas.[6] Its reported owners are two corporations, CNMK Investments Inc. (incorporated in Delaware and headquartered in Texas) and Sunnymead Cinema Corp. (incorporated in California and headquartered in Texas).[7] Accordingly, Plaintiff is a citizen of the states of Texas, California, and Delaware for purposes of diversity of citizenship.

9. Plaintiff Century Theaters, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in California.[8] Accordingly, Plaintiff is a citizen of the states of Delaware and California for purposes of diversity of citizenship.

10. Plaintiff Cinemark Partners II, Ltd. is a limited partnership organized under the laws of the State of Texas with its principal place of business in Plano, Texas.[9] The citizenship of a limited partnership is determined by the citizenship of all of its members.[10] According to its Texas Franchise Tax Public Information Report, Cinemark Partners II, Ltd. listed its sole member as Cinemark Partners I, Inc.[11] Cinemark Partners I, Inc. is a corporation organized under

---

[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

[6] Exhibit I-3.

[7] *Id.*

[8] Exhibit I-4. Plaintiffs' Original Petition at ¶ 7 states that "Century Theaters, Inc. is a corporation organized under the laws of the State of California with its principal place of business in Plano, Texas." While Defendant's evidence says otherwise, even if Plaintiffs' allegation is true, it does not destroy diversity.

[9] Exhibit I-5; Plaintiffs' Original Petition at ¶ 8.

[10] *Harvey*, 542 F.3d at 1079–80; *Carden*, 494 U.S. 185, 195–96.

[11] Exhibit I-5.

the laws of the State of Texas with its principal place of business in Texas.[12] In addition, Cinemark Partners II, Ltd. reported that Cinemark USA, Inc., has an ownership interest in it. As established above, Cinemark USA, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Plano, Texas.[13] Accordingly, Plaintiff is a citizen of the states of Texas and Delaware for purposes of diversity of citizenship.

11.     Plaintiff Greeley, Ltd. is a limited partnership organized under the laws of the State of Texas with its principal place of business in Plano, Texas.[14] According to its Texas Franchise Tax Public Information Report, Greeley, Ltd. listed its sole member as Greeley Holdings, Inc.[15] Greeley Holdings, Inc. is a corporation organized under the laws of the State of Texas with its principal place of business in Texas.[16] In addition, Greeley, Ltd. reported that Cinemark USA, Inc. and Metro Colorado Corporation have an ownership interest in it.[17] As established above, Cinemark USA, Inc. is a corporation organized under the laws of the State of Texas with its principal place of business in Plano, Texas.[18] Metro Colorado Corporation is a corporation organized under the laws of the State of California with its principal place of business in California.[19] Accordingly, Plaintiff is a citizen of the states of Texas and California for purposes of diversity of citizenship.

---

[12]  *Id.*

[13]  Exhibit I-1; Plaintiffs' Original Petition at ¶ 4.

[14]  Exhibit I-6; Plaintiffs' Original Petition at ¶ 10.

[15]  Exhibit I-6.

[16]  *Id.*

[17]  *Id.*

[18]  *See supra* ¶ 7.

[19]  Exhibit I-6.

12.     Plaintiff Laredo Theatre, Ltd. is a limited partnership organized under the laws of the State of Texas with its principal place of business in Plano, Texas.[20] According to its Texas Franchise Tax Public Information Report, Laredo Theatre, Ltd. listed its sole member as CNMK Texas Properties, LLC.[21] As established above, CNMK Texas Properties, LLC is a citizen of the states of Texas, California, and Delaware for purposes of diversity of citizenship.[22] In addition, Laredo Theatre, Ltd. reported that Texas Cinema Corporation has an ownership interest in it.[23] Texas Cinema Corporation is a corporation organized under the laws of the State of Texas with its principal place of business in Texas.[24] Accordingly, Plaintiff is a citizen of the states of Texas, California, and Delaware for purposes of diversity of citizenship.

13.     As alleged in Plaintiff's Petition and undisputed by Defendant, Defendant Factory Mutual Insurance Company was at the time this lawsuit was filed, and at the date of this Notice remains, a Rhode Island corporation with its principal place of business in Rhode Island.[25] Accordingly, Defendant is a citizen of Rhode Island for purposes of diversity of citizenship.

14.     The various Plaintiffs are citizens of Texas, California, and Delaware; whereas Defendant FM Global is a citizen of Rhode Island. Because Plaintiffs and Defendant are citizens of different states, complete diversity of citizenship exists between Plaintiffs and Defendant, now and on the date Plaintiffs filed this lawsuit.

---

[20]   Exhibit I-7; Plaintiffs' Original Petition at ¶ 9.

[21]   Exhibit I-7.

[22]   *See supra* ¶ 8.

[23]   Exhibit I-7.

[24]   *Id*.

[25]   Plaintiffs' Original Petition at ¶ 11.

### B.     Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.

15.     If it is facially apparent that Plaintiffs' claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, FM Global's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[26]

16.     Here, Plaintiffs' Petition states that Plaintiffs seek to recover more than $400,000,000 in this lawsuit.[27] It is thus facially apparent that Plaintiffs' claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

17.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, removal of this action is proper under 28 U.S.C. § 1332(a).

18.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Collin County, Texas after FM Global's filing of this Notice.

19.     As required by 28 U.S.C. § 1446(a), and Local Rule CV-81, a copy of each of the following are attached to (or filed with) this Notice:

   a.   A list of parties in the case and their party type, attached hereto as **Exhibit A**;

   b.   A civil cover sheet, attached hereto as **Exhibit B**;

   c.   A certified copy of the state court docket sheet, attached hereto as **Exhibit C**;

   d.   A copy of all pleadings that assert causes of action, attached hereto as **Exhibit D**;

---

[26]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[27]   *See* Plaintiffs' Original Petition at ¶ 12.

      e.      A copy of all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, attached hereto as **Exhibit E**;

      f.      A List of Attorneys involved in the action, attached hereto as **Exhibit F**;

      g.      A record of which parties have requested trial by jury, attached hereto as **Exhibit G**; and

      h.      The name and address of the court from which the case is being removed, attached hereto as **Exhibit H**.

      i.      Evidence of each plaintiff's citizenship is attached hereto as **Exhibit I.**

20. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

21. For the foregoing reasons, Defendant hereby provides notice that this action is duly removed.

                Respectfully submitted,

                **ZELLE LLP**

                *By:  /s/ Thomas Cook*
                     Thomas Cook
                     Texas Bar No. 00783869
                     tcook@zelle.com
                     Michael P. O'Brien
                     Texas Bar No. 24103418
                     mobrien@zelle.com

                901 Main Street, Suite 4000
                Dallas, TX  75202-3975
                Telephone:    214-742-3000
                Facsimile:     214-760-8994

                **ATTORNEYS FOR DEFENDANT FACTORY MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on December 22, 2020.

| | |
|---|---|
| Jarrett L. Hale<br>Texas Bar No. 24046005<br>jhale@huntonAK.com<br>Abigail M. Lyle<br>Texas Bar No. 24095189<br>alyle@huntonAK.com<br>Michael Horne<br>Texas Bar No. 24083200<br>mhorney@huntonAK.com<br><br>**HUNTON ANDREWS KURTH LLP**<br>1445 Ross Avenue, Suite 3700<br>Dallas, TX  75202<br>Telephone: (214) 979-3000 | Michael S. Levine (*Pro Hac Vice*)<br>mlevine@huntonAK.com<br><br>**HUNTON ANDREWS KURTH LLP**<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C. 20037-1701<br>Telephone: (202) 955-1857<br><br>Rachel E. Hudgins (*Pro Hac Vice*)<br>rhudgins@huntonAK.com<br><br>**HUNTON ANDREWS KURTH LLP**<br>Bank of America Plaza, Suite 4100<br>600 Peachtree Street, NE<br>Atlanta, GA  30308<br>Telephone:  (404) 888-4000<br><br>Michael L. Huggins (*Pro Hac Vice*)<br>mhuggins@huntonAK.com<br><br>**HUNTON ANDREWS KURTH LLP**<br>50 California Street, Suite 1700 San Francisco, California 94111<br>Telephone:  (415) 975-3744 |

*Attorneys for Plaintiffs*


                */s/ Thomas Cook*
                Thomas Cook