Filed: 12/1/2020 5:42 PM
Lynne Finley
District Clerk
Collin County, Texas
By Alexis Scherff Deputy
Envelope ID: 48892862

CAUSE NO. 471-06122-2020

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC.; CINEMARK USA, INC.; CNMK TEXAS PROPERTIES, LLC; CENTURY THEATERS, INC.; CINEMARK PARTENRS II, LTD.; GREELEY, LTD.; and LAREDO THEATRE, LTD., | § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | COLLIN COUNTY, TEXAS |
| v. | § § | |
| FACTORY MUTUAL INSURANCE COMPANY, | § § § § | 471ST JUDICIAL DISTRICT |
| Defendant. | § | |

**DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

Defendant Factory Mutual Insurance Company's ("Defendant" or "FM Global") files this Original Answer and Response to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

**I.
GENERAL DENIAL**

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition and demands strict proof thereof. By this general denial, Defendant demands that Plaintiffs proves every fact in support of its claims for declaratory judgment, breach of contract, breach of the covenant of good faith and fair dealing, and violations of the Texas Insurance Code by a preponderance of the evidence. By

this general denial, Defendant further demands that Plaintiffs prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## II.
## DENIAL OF CONDITIONS PRECEDENT

2. Defendant specifically denies that Plaintiffs have satisfied all conditions precedent to the recovery it seeks in this lawsuit.

### *Loss During the Policy Period*

3. Factory Mutual Insurance Company policy number 1051832 issued to Plaintiffs for the policy period April 30, 2019 to April 30, 2020 (the "Policy") applies only to loss that occurs during the Policy period. To the extent that any part of the loss of which Plaintiffs complain did not occur during this period, the Policy provides no coverage for such loss.

### *Loss Above the Deductible*

4. Defendant's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the applicable Policy deductible(s). If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the applicable deductible(s).

### *Proof of Loss*

5. Plaintiffs' claims are barred, in whole or in part, because Defendant has failed to submit a signed and sworn proof of loss in breach of the Policy.

6. Discovery in this matter, as well as the adjustment of the insurance claim, is ongoing, and Defendant reserves the right to assert that Plaintiffs have failed to satisfy other conditions precedent to recovery it seeks in this lawsuit.

# III.
# DEFENSES

The following defenses are based on information presently known. FM Global reserves the right to amend this Answer to include additional defenses based on subsequent information. By alleging the defenses below, FM Global does not admit that it bears the burden of proof or persuasion as to any issue or element. Subject to the foregoing, FM Global alleges the following defenses:

### *Failure to State a Claim*

7. Plaintiffs' claims are barred, in whole or in part, on the basis that Plaintiffs' Original Petition fails to state a claim against Defendant upon which relief can be granted.

### *Failure to Comply with Conditions Precedent*

8. Plaintiffs have failed to comply with the Policy's conditions precedent as required for coverage and as a prerequisite to filing suit against Defendant.

### *Policy Terms*

9. Plaintiffs' claims are subject to all of the terms, conditions, limitations, limits and sublimits, exclusions, and deductibles set forth in the Policy.

### *Contamination by Virus Exclusion*

10. Plaintiffs' claims are barred, in whole or in part, by the Policy's exclusion for contamination, which includes any condition of property due to the actual or suspected presence of any virus.

### *Communicable Disease Coverages*

11. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot show the actual not suspected presence of communicable disease as required by the Policy, and because the Policy's communicable disease coverages are subject to a combined sublimit of $1,000,000 in the aggregate during any Policy year.

*Ripeness*

12. Plaintiffs' claims are barred, in whole or in part, because Defendant has not denied Plaintiffs' insurance claim, and because Plaintiffs have not provided information reasonably requested by Defendant, and therefore this matter is not ripe for the Court's consideration.

*Failure to Mitigate*

13. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiffs' recovery under the Policy and the law, if any, must be offset and reduced accordingly.

*Negligence*

14. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiffs.

*Bona Fide Controversy*

15. A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiffs without facing extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the existence and/or scope of coverage for any claim for loss or damage.

16. Discovery in this matter, as well as the adjustment of the insurance claim, is ongoing, and Defendant reserves the right to assert other defenses as they become apparent.

# IV.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Factory Mutual Insurance Company, prays that upon final judgment: (a) all relief requested by Plaintiffs be denied; (b) all costs be taxed against Plaintiffs; and (c) for such other and further relief to which Defendant may be justly entitled, whether at law or in equity.

Respectfully submitted,

**ZELLE LLP**

By: /s/ Thomas Cook
Thomas Cook
Texas Bar No. 00783869
tcook@zelle.com
Michael P. O'Brien
Texas Bar No. 24103418
mobrien@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR DEFENDANT FACTORY MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with TEXAS RULES OF CIVIL PROCEDURE on this 11th day of December 2020 as follows:

Jarrett L. Hale
Texas Bar No. 24046005
jhale@huntonAK.com
Abigail M. Lyle
Texas Bar No. 24095189
alyle@huntonAK.com
Michael Horne
Texas Bar No. 24083200
mhorney@huntonAK.com

**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, TX  75202
Telephone: (214) 979-3000

Michael S. Levine (*Pro Hac Vice*)
mlevine@huntonAK.com

**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: (202) 955-1857

Rachel E. Hudgins (*Pro Hac Vice*)
rhudgins@huntonAK.com

**HUNTON ANDREWS KURTH LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, GA  30308
Telephone:  (404) 888-4000

Michael L. Huggins (*Pro Hac Vice*)
mhuggins@huntonAK.com

**HUNTON ANDREWS KURTH LLP**
50 California Street, Suite 1700 San Francisco, California 94111
Telephone:  (415) 975-3744

*Attorneys for Plaintiffs*


　　　　　　　　　　　　　　　*/s/ Thomas Cook*
　　　　　　　　　　　　　　　　Thomas Cook

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thomas Cook, Jr. on behalf of Michael O'Brien
Bar No. 24103418
tcook@zelle.com
Envelope ID: 48892862
Status as of 12/14/2020 8:45 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jarrett Hale | | jhale@huntonAK.com | 12/11/2020 5:42:37 PM | SENT |
| Thomas HCook, Jr. | | tcook@zelle.com | 12/11/2020 5:42:37 PM | SENT |
| Michael P.O'Brien | | mobrien@zelle.com | 12/11/2020 5:42:37 PM | SENT |
| Denise Spikes | | dspikes@zelle.com | 12/11/2020 5:42:37 PM | SENT |
| Brynne Manoy | | bmanoy@zelle.com | 12/11/2020 5:42:37 PM | SENT |
| Abigail Lyle | 24095189 | alyle@HuntonAK.com | 12/11/2020 5:42:37 PM | SENT |
| Michael Horne | 24083200 | mhorne@huntonak.com | 12/11/2020 5:42:37 PM | SENT |
| Michael Levine | | mlevine@huntonAK.com | 12/11/2020 5:42:37 PM | SENT |
| Rachel Hudgins | | rhudgins@huntonAK.com | 12/11/2020 5:42:37 PM | SENT |
| Michael Huggins | | mhuggins@huntonAK.com | 12/11/2020 5:42:37 PM | SENT |

# THE STATE OF TEXAS
## CIVIL CITATION
### CASE NO. 471-06122-2020

Cinemark Holdings, Inc; Cinemark USA, Inc; CNMK Texas Properties, LLC; Century Theaters, Inc; Cinemark Partners II, LTD; Greeley, LTD; and Laredo Theatre, LTD, Plaintiffs vs. Factory Mutual Insurance Company

In the 471st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Factory Mutual Insurance Company
Registered Agent CT Corporation System
1999 Bryan Street Suite 900, Dallas TX 75201, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiffs' Original Petition and Request for Disclosures** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 471st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiffs' Petition was filed in said court, by Jarrett L Hale 1445 Ross Ave, Suite 3700 Dallas TX 75202 (Attorney for Plaintiff or Plaintiffs), on November 18, 2020, in this case, numbered 471-06122-2020 on the docket of said court.

The natures of Plaintiffs' demand is fully shown by a true and correct copy of **Plaintiffs' Original Petition and Request for Disclosures** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 19th day of November, 2020.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Amy Mathis

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.

Copy from re:SearchTX

Filed: 11/24/2020 11:41 AM
Lynne Finley
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 48384965

CAUSE NO. 471-06122-2020

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC., et al., | § § § | IN THE DISTRICT COURT |
| Plaintiff(s), | § § | |
| vs. | § § | 471ST JUDICIAL DISTRICT |
| FACTORY MUTUAL INSURANCE COMPANY, | § § § | |
| Defendant(s). | § | COLLIN COUNTY, TEXAS |

## RETURN OF SERVICE

Came to my hand on Monday, November 23, 2020 at 11:10 AM,
Executed at: 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201
within the county of **DALLAS** at 11:33 AM, on Monday, November 23, 2020,
by individually and personally delivering to the within named:

**FACTORY MUTUAL INSURANCE COMPANY**

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its **Authorized Agent, LINDSEY BARRIENTEZ**
a true copy of this

**CITATION and PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES
with EXHIBITS**

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is Tracy Edwards, my date of birth is September 15, 1963 and my address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on Monday, November 23, 2020

By: _____
Tracy Edwards - PSC 1872 - Exp 03/31/22
served@specialdelivery.com

Copy from re:SearchTX